NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GUADALUPE ECHEVERRIA-VALENCIA, AKA Jose Echeverria, Petitioner, v. TODD BLANCHE, Acting Attorney General, Respondent. | No. 19-72756 Agency No. A200-909-865 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2026[**]
San Francisco, California

Before: WARDLAW, BEA, and SANCHEZ, Circuit Judges.

Petitioner Jose Guadalupe Echeverria-Valencia, a native and citizen of

Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial

of his application for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's factual findings for substantial evidence and questions of law de novo. *Singh v. Garland*, 97 F.4th 597, 602 (9th Cir. 2024). We deny the petition.

1.     Substantial evidence supports the BIA's determination that Echeverria-Valencia is not eligible for asylum or withholding of removal.[1] "An asylum applicant must demonstrate that a protected ground was 'at least one central reason' for [his] persecution," and "a withholding of removal applicant . . . must prove only that a cognizable protected ground is 'a reason' for future persecution." *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (citation modified). Echeverria-Valencia listed membership in a particular social group as his protected ground, but his proposed particular social groups of "Americanized men" and "Americanized young men returned to Mexico from the United States" are not cognizable. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) ("We conclude that Petitioners' proposed social group, 'returning Mexicans from the United States,' . . . is too broad to qualify as a cognizable social group."); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016) (holding that "a discrete subset of Mexicans returning home from the

---

[1] The BIA also denied Echeverria-Valencia's asylum claim on the alternative ground that it was not timely filed. Because we affirm the BIA on the merits of the asylum claim, we need not reach the timeliness determination.

2

United States: those who have the physical appearance and mannerisms of Americans" is not "a narrowly defined or cognizable particular social group").

Echeverria-Valencia also failed to establish a nexus between membership in the particular social group of "Americanized men" and any future persecution. In testimony before the agency, Echeverria-Valencia expressed fear that "there's violence everywhere in Mexico," and "most of the people there live by just stealing people, robbing people." Echeverria-Valencia also stated that criminals in Mexico kidnap people randomly, "kill innocent people that didn't have to do nothing with gangs or anything," and "target whoever, just innocent people or people that just live there." A generalized fear of being targeted by criminals does not establish nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019) (holding that danger in Mexico "is not on account of a protected ground" where the petitioner "testified that he would be targeted because people in Mexico would know he came from the United States and would assume his family had money for a ransom"). Substantial evidence therefore supports the agency's denial of Echeverria-Valencia's asylum and withholding of removal claims.

2.      Substantial evidence supports the BIA's denial of CAT relief. To

receive CAT protection, Echeverria-Valencia must demonstrate that he is "more likely than not to be tortured" in Mexico. 8 C.F.R. § 1208.16(c). Echeverria-Valencia has not experienced past torture in Mexico, where he has never lived. Though he testified that his cousin's husband had been kidnapped, he did not know who did it and why, nor is he acquainted with this cousin. He also acknowledged that no other family member or friend had been harmed in Mexico. Although "the country conditions evidence acknowledged crime and police corruption in Mexico generally," "the evidence fails to show that Petitioner faces a particularized, ongoing risk of future torture." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in effect until the mandate issues. The motion for a stay of removal, Dkt. No. 1, is otherwise denied.